**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0698n.06
Filed: September 26, 2007

**06-1378**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

JEFFREY D. BROWN,                        )
                                         )
    Plaintiff-Appellant,                 )
                                         )
v.                                       )  ON APPEAL FROM THE UNITED
                                         )  STATES DISTRICT COURT FOR THE
JOHN E. POTTER, Postmaster General,      )  EASTERN DISTRICT OF MICHIGAN
United States Postal Service,            )
                                         )
    Defendant-Appellee.                  )


Before: DAUGHTREY and MOORE, Circuit Judges, and SHADUR,[*] District Judge.


**PER CURIAM.** The plaintiff, Jeffrey D. Brown, appeals from the district court's grant of summary judgment to John E. Potter, Postmaster General, on the basis of claim preclusion. Brown contends that the district court erred in holding that because he could have amended a complaint filed in an earlier, separate action to include the claims presented in this complaint, his current action is barred by *res judicata*. Specifically, the district court concluded that the current claims ripened before the first action was dismissed and, thus, that claim preclusion bars them from being raised in this subsequent suit. We disagree.

---

[*]The Hon. Milton I. Shadur, United States District Judge for the Northern District of Illinois, sitting by designation.

In our recent ruling in *Rawe v. Liberty Mutual Fire Insurance Co.*, 462 F.3d 521 (6th Cir. 2006), we reiterated that the doctrine of *res judicata* does not apply to claims in a subsequent suit that were not ripe at the time the first suit was filed. *See id.* at 529-30 (citing *Katt v. Dykhouse*, 983 F.2d 690, 694 (6th Cir. 1992)). Indeed, in *Rawe* we specifically rejected the argument – made by the defendant in this case – that *res judicata* should bar the second suit because the plaintiff had failed to amend his first complaint to include claims that later became available to him. *Id.* at 530. As we also noted in *Rawe*, the majority rule is that "'an action need include only the portions of the claim due at the time of commencing that action,' because 'the opportunity to file a supplemental complaint is not an obligation.'" *Id.* (quoting 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4409 (2d ed. 2002)) (additional citations omitted).

Here, the parties agree that at least some of the claims brought in Brown's second suit were not ripe for judicial review at the time his first action was filed. As a result, we conclude that this action is not barred and that summary judgment was improperly granted.

We therefore REVERSE the judgment of the district court and REMAND the case for further proceedings.